TIMOTHY B., a minor by and through his parents, guardians, and next friends J.B. and M.B., Plaintiff,

v.

NESHAMINY SCHOOL DISTRICT, Defendant.

No. 00–4948.

United States District Court, E.D. Pennsylvania.

June 5, 2001.

Philip Matthew Stinson, Sr., Stinson Law Associates, P.C., Bryn Mawr, PA, for Timothy B., a minor by and through his parents, guardians, and next friends, J.B. and M.B., plaintiff.

Jane Mashburn Williams, Sweet, Stevens, Tucker & Katz, New Britain, PA, Ellis H. Katz, Sweet, Stevens, Tucker and Katz, New Britain, PA, for Neshaminy School District, defendant.

## MEMORANDUM

GREEN, Senior District Judge.

Presently pending is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6) for plaintiff's alleged failure to state a claim for which relief may be granted. For the reasons set forth below, Defendant's motion will be denied.

**Factual and Procedural Background**

Plaintiff filed a Complaint in this matter which includes counts for violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, 42 U.S.C. § 1983 and § 504 of the Rehabilitation Act. In summary, the Complaint alleges as follows: Plaintiff is a minor who resides with his parents in the Neshaminy School District (the "District") in Langhorne, Pennsylvania. He has been diagnosed with Tourette's Syndrome and is therefore an exceptional student entitled to receive special education and related services pursuant to IDEA, 20 U.S.C. § 1400, *et seq.* Plaintiff claims that as a result of an incident on March 23, 2000, in which he allegedly made threatening remarks to his principal, he was suspended from school for the remainder of the 1999–2000 academic school year, without a manifestation determination being made to assess whether his actions were a manifestation of his disability. Plaintiff claims that the District failed to conduct such a determination in violation of IDEA provision 20 U.S.C. § 1415(k). Following that incident, the District allegedly initiated a request for a due process hearing pursuant to 20 U.S.C. § 1415(b), but failed to appear and participate in the hearing once it was scheduled for the evening of April 19, 2000.

Plaintiff also claims that in August 2000, his parent's petitioned for a due process hearing requesting that the District provide plaintiff with a free appropriate public education for the 2000–2001 academic school year. According to the Complaint, the hearing officer appointed to preside over the hearing requested that the parties arrange a mutually convenient time to hold the hearing. The parties were unable to do so and the hearing officer then scheduled the hearing for September 15, 2000. Plaintiff claims the District and its witnesses again failed to appear for the hearing at the scheduled time and location. The hearing officer ultimately issued a Decision and Order finding that plaintiff should be placed in an out-of-District educational placement for the 2000–2001 school year and also that he should continue to be provided with a one-to-one instructional aide. Plaintiff claims that to date, the District has failed to comply with that Decision and Order.

As a result of the allegations stated above, plaintiff claims that the District violated his rights under IDEA, § 504 of the Rehabilitation Act, and § 1983. He further maintains that based upon the District's failure to comply with the provisions of IDEA as well as the District's failure to attend scheduled due process hearings, he is not required to exhaust his administrative remedies under IDEA because further administrative proceedings would be futile. By way of relief plaintiff seeks compensatory damages, the provision of a free appropriate education; injunctive relief requiring the implementation of a due process hearing system consistent with the provisions of IDEA, attorney's fees, and a determination that the behavior plaintiff displayed on March 23, 2000 was a manifestation of his disability.

**Motion to Dismiss**

The District moved to dismiss plaintiff's Complaint in its entirety primarily asserting that plaintiff failed to exhaust his administrative remedies. The District claims that the legal requirement of exhaustion of administrative remedies includes the taking of testimony and documentary evidence by a hearing officer in a due process hearing, and thereafter, upon request of either party, a review of that evidence and

hearing officer's decision by a special education appeals panel. The District also maintains that because there is no record of evidence from either a due process hearing or an appeals panel, plaintiff's claims are not ripe to be presented before this court. In addition, the District asserts that administrative review is also required prior to the initiation of plaintiff's § 1983 and § 504 claims because any claims arising from the provision, or failure to provide, a free appropriate public education must first be fully exhausted pursuant to the procedures set forth in IDEA. The defendant asserts that plaintiff has failed to state valid grounds for his failure to exhaust all administrative remedies. The District also seeks dismissal of plaintiff's § 1983 claims because plaintiff failed to allege any practice, policy or custom of constitutionally unlawful behavior on the part of the District. It furthermore alleges that plaintiff's Rehabilitation Act claims must be dismissed because plaintiff failed to allege that he was excluded from, or denied the benefits of, a federally funded program solely because of his disability.

## Discussion

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must take allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. at 249, 109 S.Ct. 2893 (1989). The court must accept as true all well pleaded allegations of fact, and any reasonable inferences that may be drawn from the Plaintiff's complaint. *Nami v. Fauver*, 82 F.3d 63 (3d. Cir.1996). In considering a motion to dismiss under Rule 12(b)(6), the court may only rely upon allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See, Pension Benefit. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). If it is apparent that the alleged facts do not support a claim or that no relief could be granted under any set of facts that could be proven, the claims should be dismissed under Rule 12(b)(6). *See, Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997). However, a motion to dismiss a complaint for failure to state a claim may not be granted unless it appears from the face of the complaint that the plaintiff can establish no set of facts which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102 (1957). Further, a court must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Id.* at 65, 78 S.Ct. 99. Claims should be dismissed under Rule 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Nami*, 82 F.3d at 65.

Accepting the allegations of the complaint as true and drawing all reasonable factual inferences in favor of the plaintiff, I conclude that he has stated claims for which relief may be granted. Plaintiff has alleged that he is a disabled student entitled to receive special education services pursuant to IDEA, that he attempted to enforce his rights pursuant to IDEA, that the District improperly denied those educational services, and that the District subsequently impeded and/or frustrated his attempts to pursue his administrative remedies to the point of futility. Normally, prior to instituting a civil action in federal or state court, an aggrieved party must first exhaust his administrative remedies as set forth in IDEA. 20 U.S.C. § 1415(f). However, where recourse to IDEA's administrative proceedings would be futile or inadequate, the exhaustion re-

quirement is excused. *Honig v. Doe*, 484 U.S. 305, 108 S.Ct. 592, 606, 98 L.Ed.2d 686 (1988); *Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 779 (3d Cir.1994). *Id.* Despite defendant's objections to plaintiff's characterization of defendant's conduct regarding the District's failure to appear at previously scheduled hearings, plaintiff has nevertheless satisfactorily alleged that further attempts to proceed with administrative proceedings would be futile. Plaintiff has therefore alleged claims sufficient to survive defendant's motion to dismiss. I also conclude that plaintiff has sufficiently stated claims pursuant to §§ 1983 and 504. Construing the facts in the light most favorable to him, he has alleged that the District engaged in a practice of depriving him of rights secured by IDEA in violation of § 1983. Plaintiff has also alleged that as a disabled person, he has been deprived of a benefit because of his disability. He has therefore stated a claim for which relief may be granted under § 504. Examined pursuant to the liberal pleading requirements of Fed.R.Civ.P. 8, plaintiff's allegations are sufficient to survive a motion to dismiss. *Weston v. Commonwealth of Pennsylvania d/b/a Dept. of Corrections*, 251 F.3d 420, 2001 WL 539470 (3d Cir. May 22, 2001).

## Conclusion

For the foregoing reasons Defendant's Motion to Dismiss Plaintiff's Complaint will be denied.